UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES H. LINCOLN, et al., | No. 2:25-cv-02186-DJC-CKD |
| Plaintiffs, | |
| v. | ORDER |
| FORD MOTOR COMPANY, et al; | |
| Defendants. | |

Pending before the Court is Plaintiffs' Motion to Remand the instant action to Sacramento Superior Court. The Parties dispute whether Defendant demonstrated that the amount in controversy exceeds $75,000.00. Because the Court finds that Defendant has failed to meet its burden in establishing that the amount in controversy exceeds $75,000.00, the Court GRANTS the Motion to Remand.

## BACKGROUND

Plaintiffs James H. Lincoln and Katharine J. Lincoln ("Plaintiffs") entered into a warranty contract with Defendant Ford Motor Company ("Defendant") covering Plaintiffs' 2021 Ford Mustang, which was manufactured and/or distributed by Defendant. (Compl., Ex. A (ECF No. 1-2) ¶ 7.) Plaintiffs allege that defects and nonconformities manifested during the applicable warranty period and that

Defendant and its representatives failed to service or repair Plaintiffs' vehicle to conform to the applicable express and implied warranties.  (*Id.* ¶¶ 12–13, 28, 34.)  On March 25, 2025, Plaintiffs filed suit against Defendant in Sacramento Superior Court bringing four causes of action for violations of the Song-Beverly Consumer Warranty Act and for fraudulent inducement – concealment.  (*See generally id.*)  Defendant subsequently removed the action to the Eastern District of California.  (Notice of Removal ("NOR") (ECF No. 1).)

Plaintiffs now seek to remand the action to state court arguing that Defendant failed to demonstrate that the amount in controversy exceeds $75,000.00.  (Mot. Remand ("Mot.") (ECF No. 11).)  The matter is fully briefed (Opp'n (ECF No. 15); Reply (ECF No. 16)) and was ordered submitted without oral argument (ECF No. 19).

**LEGAL STANDARD**

Under 28 U.S.C. § 1441, a defendant may remove a civil action from state court to federal court if there exists original jurisdiction.  *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 163 (1997).  Courts strictly construe the removal statute against removal and federal jurisdiction must be rejected if there is any doubt as to the right of removal.  *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).  The party removing a case to federal court "has the burden to prove, by a preponderance of the evidence, that removal is proper."  *Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1107 (9th Cir. 2010).

**DISCUSSION**

The Parties contest whether the amount in controversy in the instant matter exceeds $75,000.00.[1]  Where, as here, a plaintiff's state court complaint does not specify a particular amount of damages, and a plaintiff launches a factual attack as to the Defendant's Notice of Removal on this point, the removing party bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy

---

[1] There is no dispute that the removal was timely or that diversity of citizenship exists.

exceeds the threshold at the time of removal.  *See Canela v. Costco Wholesale Corp.*, 971 F.3d 845, 849 (9th Cir. 2020) (citations omitted); *Urbino v. Orkin Servs. of Cal., Inc.*, 726 F.3d 1118, 1121–22 (9th Cir. 2013) (quotation marks and citations omitted). The court may consider the complaint, the notice of removal and "summary-judgment-type evidence relevant to the amount in controversy at the time of removal." *Chavez v. JPMorgan Chase & Co.,* 888 F.3d 413, 416 (9th Cir. 2018); *see also Dart v. Cherokee Basin Operating Co.*, 574 U.S. 81, 88 (2014) ("[W]hen a defendant's assertion of the amount in controversy is challenged[,]. . .both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied.").

Plaintiffs first argue that Defendant's assessment of actual damages is speculative.  Defendant relies on the contract price for the Vehicle and the two-times civil penalties to surpass the jurisdictional threshold.  Beginning with the contract price, Plaintiffs allege that they "seek the remedies provided in California Civil Code section 1794(b)(1), including the entire contract price." (Compl. ¶ 36.)  Defendant presented evidence in the form of the Retail Installment Sales Contract, setting forth $41,793.45 for the Vehicle.  (RISC, Ex. B (ECF No. 15-3).)  However, the RISC indicates that Plaintiffs made a downpayment of $5,703.94 and agreed to the following payment schedule: a $1,500.00 payment by November 4, 2021, and 84 monthly payments of $526.70 beginning December 12, 2021. (*Id.*)  Defendant has presented no evidence as to how many payments Defendant has made on the Vehicle, (Reply at 6), although Defendant cites "incomplete information" as the reason why the financing charges were not included.  (Opp'n at 5.)

Section 1794(b) provides that "[t]he measure of the buyer's damages in an action under this section shall include the rights of replacement or reimbursement as set forth in subdivision (d) of Section 1793.2. . . ."  Cal. Civ. Code § 1794(b).  Section 1793.2(d) provides, in part, that a manufacturer must "replace the new motor vehicle . . . or promptly make restitution to the buyer" if unavailable to service or repair the

3

vehicle. *Id.* § 1793.2(d)(2). Where a manufacturer makes restitution, it must be "in an amount equal to the actual price paid or payable by the buyer." *Id.* § 1793.2(d)(2)(B). Thus, Plaintiffs may only recover "the actual price paid or payable" under section 1794 (b)(1). *See Rivera v. Ford Motor Co.*, No. 5:24-cv-06740-EJD, 2025 WL 502051, at *3 (N.D. Cal. Feb. 14, 2025).

Courts have varied in whether the "actual price paid or payable by the buyer" includes a buyer's outstanding payments based on the facts in the case. *See, e.g., Canesco v. Ford Motor Co.,* 570 F. Supp. 3d 872, 895 (S.D. Cal. 2021) (collecting cases). Where a defendant is also the lender, or where a vehicle is leased, courts may be inclined to consider only the amount paid in calculating the amount in controversy to avoid the buyer receiving a windfall. *See id.* at 896. However, granting an unpaid loan balance may be warranted in cases where the buyer has contracted with a third-party lender. *Id.* It may also be the case that a defendant potentially pays the lender directly. *Id.*

Here, Defendant has not included any evidence or information as to payments Plaintiffs made on the loan for the Vehicle or provided any indication as to whether Plaintiffs could recover more than the payments already made. *See Rivera,* 2025 WL 502051 at *3–4 (finding that remand was appropriate where the defendant failed to include evidence of payments plaintiff made on the loan for the vehicle or advancing any arguments about whether plaintiff could recover more than the payments already made and collecting cases). Moreover, in light of recent amendments to the Song-Beverly Act stating that defendants "shall not be responsible for payment of unpaid interest or unpaid financing costs associated with the retail installment sales contract that will not be owed or paid by the consumer when the lien is paid off," Cal. Civ. Proc. Code § 871.27(f); *see also* Cal. Civ. Proc. Code § 871.20 (indicating that section 871.27 applies to Song-Beverly claims), the lack of information as to what amount Plaintiffs have, or have not paid, is even more relevant to determining the purchase price. *See Repair v. General Motors, LLC,* No. 5:25-cv-02317-SP, 2026 WL 381636, at

4

*2 n.1 (noting that several courts have offset unpaid financing from actual damages calculations while others have not considered unpaid financing offsets); *see also Aispuro v. General Motors LLC,* No. 2:26-cv-00375-JAM-CSK, 2026 WL 1396684, at *2 (E.D. Cal. May 19, 2026) (considering whether plaintiff had paid off her loan prior to determining whether plaintiff was entitled to the full purchase price).

Because Defendant has not established what amount of money is "payable" by Plaintiffs if they succeed, and because it is Defendant's burden to show that Plaintiff has put the purchase price into controversy, the Court finds that remand is proper.

Accordingly, the Court finds the $41,793.45 value speculative[2] and finds remand is warranted.

**CONCLUSION**

Accordingly, the Court GRANTS Plaintiffs' Motion to Remand (ECF No. 11).  The Clerk of Court is directed to remand the case to the Superior Court of California, County of Sacramento and close this case.

IT IS SO ORDERED.

Dated:   **June 29, 2026**

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE

DJC6 – LINCOLN25cv02186.mtr_v2

---

[2] As the Court finds actual damages to be speculative, the Court need not address the impact of the mileage offset or civil penalties based on that price. *See, e.g., Rivera,* 2025 WL 502051, at *4 n.5.

5